474

(No. 1831—)

ROBERT W. JOHNSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 13, 1935.*

B. M. DAVISON, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The claimant, Robert W. Johnson, filed his declaration on November 16, 1931 alleging that the State of Illinois was possessed of a certain State Aid Road in Sangamon County, Illinois, and it was the duty of the State to maintain and keep the highway in a good and safe condition and in a proper state of repair, and notwithstanding its duty in this behalf on the 13th day of August, 1931, the claimant was driving over the road in the night-time, and near and between station 12-00 and 13-50, which was a part of that portion of the highway known as State Aid Road 5-15-D, he struck a pavement brick on the edge, which caused the plaintiff to lose control of his automobile and the car left the pavement and struck a telephone pole, and the claimant did sustain very serious injuries, consisting of a fracture of the elbow, dislocation of the right shoulder and vertebra of lower neck, besides various cuts and bruises.

The declaration avers that the claimant spent Two Thousand Dollars ($2,000.00) in endeavoring to be cured, and Thirty Dollars ($30.00) in repairing his automobile, and damages in the sum of Two Thousand Thirty Dollars ($2,030.00) is asked.

This court has on many occasions held that the doctrine of respondeat superior does not apply to the State.

The State exercises governmental power in the construction and maintenance of its highways and is not liable for the

misfeasance, malfeasance, or negligence of its officers. The State would become liable only where a claimant could show a legal or equitable right to recover.

*Walsh* vs. *State,* 6 C. C. R. 421.
*Stoddard* vs. *State,* 6 C. C. R. 27.
*Peterson* vs. *State,* 6 C. C. R. 77.

The cause will, therefore, be dismissed.